Nicholas PALUMBO, Plaintiff,

v.

**MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORI-TY, Transport Workers Union, Local 100, Defendants.**

No. 04 CIV. 2444.

United States District Court,
S.D. New York.

Nov. 5, 2004.

Costantino Fragale, Law Office of Costantino Fragale, Eastchester, NY, for Plaintiff.

Daniel L. Topper, Brooklyn, NY, for Defendant.

Dennis Eugene Torreggiani, Kennedy, Schwartz & Cure, P.C., New York, NY, for Nicholas Palumbo and Transport Workers Union, Local 100.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Facts and Posture

Nicholas Palumbo ("Plaintiff") was employed by Defendant Manhattan and Bronx Surface Transit Operating Authority ("Employer") as a bus operator and was

a member of Defendant Transport Workers Union ("Union") (or collectively known as the "Defendants"). On April 2, 2003, after working for Employer for about five years, Plaintiff was accused by an African–American bus passenger of using racially offensive language towards himself and another female passenger. Plaintiff was immediately suspended without pay. An investigation of the incident took place between April 3–19, 2003. On April 23, 2003, disciplinary charges were served on Plaintiff and a Step 1 disciplinary grievance hearing was held. On April 29, 2003, the Union requested a pre-disciplinary suspension arbitration hearing. The hearing was scheduled for May 1, 2003, by Employer. On May 1, 2003, however, Union withdrew the hearing request. On May 8, 2003, a Step II disciplinary grievance hearing was held. On May 22, 2003, the disciplinary action hearing began including the taking of testimony. The arbitration continued on June 26, 2003. The next scheduled arbitration hearing, on August 1, 2003, was cancelled by the arbitrator. Arbitration continued on September 18, 2003 and completed on October 2, 2003. The arbitrator issued an opinion and award in favor of Employer on December 17, 2003, on the grounds that Plaintiff's behavior constituted gross misconduct, gross dereliction of duty, and conduct unbecoming a transit employee. Hence, the arbitrator found that the pre-disciplinary suspension and subsequent termination was justified.

Plaintiff filed suit against the Defendants on March 29, 2004. Within several months, Defendants filed motions to dismiss. On June 23, 2004, Plaintiff filed an amended complaint. Defendants again filed motions to dismiss in response.

## II. Analysis of Motions

### A. Union's 12(b)(1) Motion

The Union has moved to dismiss Plaintiff's entire complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. The Court looks to whether subject matter jurisdiction exists as to the claims made against the Union before proceeding to the 12(b)(6) assertions.

The Union argues that Plaintiff has filed a Duty of Fair Representation ("DFR") state law cause of action against it and attached it to the § 1983 action against the Authority in order to establish federal subject matter jurisdiction over the Union. Union believes it is an improper pendent defendant. Plaintiff, on the other hand, urges the Court to find Union a proper pendent defendant under § 1367. The statute provides:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III.... Such supplemental jurisdiction shall include claims that involved the joinder or intervention of additional parties.

This court may decline to exercise supplemental jurisdiction if the claims falls under one of the statutory exceptions such as when the state law claim substantially predominates over the federal law claims or when all federal law claims have been dismissed. Also, a federal court may entertain state law claims against a defendant if the plaintiff properly brings a federal claim against another defendant when both claims arise from the same set of facts—commonly referred to as pendent party jurisdiction. § 1367(a).

### B. Authority's 12(b)(6) Motion

The inquiry thus turns to whether Plaintiff properly stated a claim. The Court

looks to the face of the pleadings. Dismissal of a complaint pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) and see *Cooper v. Parsky* 140 F.3d 433, 440 (2d Cir.1998). For purposes of deciding a 12(b)(6) motion, the well-pleaded factual allegations of the complaint are assumed to be true. *Anatian v. Coutts Bank (Switz.) Ltd.,* 193 F.3d 85, 87–88 (2d Cir.1999). Plaintiff's allegations should be read liberally and construed in the light most favorable to them. *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 604 (5th Cir.1981); *Scheuer v. Rhodes,* 416 U.S. 232, 235–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

▇▇▇ Plaintiff, in its amended complaint, claims the Authority violated its due process rights and, consequently, brings a § 1983 action against the Authority. More specifically, by "wrongfully, arbitrarily, and capriciously suspend[ing] Plaintiff without pay for more than seven months," the Authority, acting under the color of state law, allegedly violated Plaintiff's Fifth and Fourteenth Amendment rights. The first inquiry is whether the Authority is a person under 1983. If the Authority is not found to be a person, then the 1983 cause of action cannot proceed against it. Courts have determined that the Authority, a public benefit corporation, is not a person under 1983. "Because municipal authorities such as the [Authority] are not vicariously liable for their employees' actions under either § 1981 or § 1983, [plaintiff] must, if she is to succeed on these claims, demonstrate that the alleged violations of her rights under § 1981 were part of an official policy or custom and were therefore actionable under § 1983. Section 1983 provides the exclusive damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Fowler v. Transit Supervisors Org.,* 2000 WL 30328382 Fair Empl.Prac.Cas. (BNA) 1464 (S.D.N.Y. March 21, 2000), 2000 U.S. Dist. LEXIS 3544. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), shielded municipalities from liability for the actions of their employees unless constitutional violations result from its official policy or custom. A municipal agency's actions, if an exercise of delegated authority, may also constitute a policy or custom. *Id.* The Plaintiff in this case fails to allege a policy or custom of violating employees' due process rights. Therefore, the due process claims against the Authority, lacking a 1983 cause of action, are not properly before this Court.

### III. Conclusion

The claims brought under 1983 against the Authority fail. Because the federal cause of action fails, the Court is left only with state law claims—breach of collective bargaining agreement and duty of fair representation—against the Authority and the Union, respectively. Based on considerations of comity and fairness between the parties, the remaining state law claims should be remanded to state court. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Court declines supplemental jurisdiction. The case is dismissed without prejudice.

IT IS SO ORDERED.